Now, Mr. Bell. May it please the Court, John Bell with Jack Long here on behalf of Ms. Brinson and others similarly situated, a peer-to-peer class, we are asking this Court to put a constitutional base dagger through the heart of probation services provided by private, for-profit corporations. But your claim or cause of action is for money had and received, is it not? Yes, Your Honor. And you've got to show all the elements of that, and you didn't plead them right. We did not. And as we cited, numerous cases in Georgia say that it is not necessary to plead a demand in the complaint. Yeah, but you're not in Georgia court, you're in federal court, which requires you to plead under Iqbal and Twombly all the elements. Yes, sir. With enough specificity. But these same Georgia cases that create the cause of action do not require a pre-suit demand, not just in pleading, they don't require it. You're saying you don't have to prove it pleaded or anything. According to numerous cases, including the oldest common law cases, and in Georgia, unfortunately, we have lots of decisions and we have conflicting things, which is why we have asked the court to send it to Georgia. There's nothing unclear about CityofAtlantaVersusHotels.com. Yes, sir. But in the briefs before that court, neither party cited the cases, the appellate cases, including old Georgia Supreme Court cases, that said a demand wasn't necessary. And therefore, to determine whether a decision is binding as a matter of state law or in federal court as federal law, you've got to look and see how good the briefs were. Yeah, I know. I understand, but let me give you perhaps the best example. In the Glover case, which we cite in this case repeatedly, the Georgia Supreme Court held that there was no misdemeanor tolling in Georgia for lack of a statute. There was a statute that created felony probation tolling. And shortly after that, in the next Sentinel case that went before, in fact, on a certified question, they cited common law Georgia cases. They created a common law right of tolling in misdemeanor cases, and the Supreme Court so held, just a few months apart from Glover. One case goes one way. One when you bring up all the law goes the other. In Georgia, there's a statute. Wait a minute. So you're telling me that the Georgia Supreme Court, the fact the Georgia Supreme Court changed its mind on a different and totally unrelated point of law shows that we're not bound to follow the city of Atlanta? Yeah, I think it's reason to send it to the Supreme Court because the Georgia Supreme Court in the second one said the law in Georgia, and there are numerous cases that says common law cannot be changed except by statute. And that had not occurred. And that issue had not been addressed. Therefore, the city of Atlanta is wrong. Yes, Your Honor, I think it's wrong. We don't tell the Georgia Supreme Court that their decisions on state law are wrong. We can't. You can send the issue to the court just as the court did in Brunswick and sent the case. May I ask if you really, really meant it? The court in Brunswick sent the issue of whether, despite the ruling in Glover, misdemeanor probation could be told under the common law of Georgia. And they re-decided and they addressed that issue and they held that it could. And the same thing here. The court did not address whether or not the common law from which it came required pre-suit demand or whether or not it could be omitted if futile. And there are numerous cases in Georgia. So although Hotels.com holds something, we have cited Supreme Court of Georgia decisions that hold the contrary. Now, you're picking and choosing. You're not looking at Preston. We're just following the latest pronouncement of the Georgia Supreme Court. Yes, but you've got other decisions of it that go other. And there is not in that decision the issue of whether or not the statute that says no is statutorily required. And it's not because there is no statute creating the common law claim of money hadn't received. Just so I'll understand, then I'm going to give you the remainder of your argument time as far as I'm concerned. If we did certify and the Georgia Supreme Court came out and said, we meant what we said in the city of Atlanta, that is the law of Georgia, you would lose, correct? Yeah, certainly. And just as they did in Glover, I feel quite confident if the issue were fully briefed, including the statute, including the precedent of that court and the Court of Appeals that held to the contrary, that they would make a good decision, that they'd look at it. They would not shut their eyes and say, well, right here, we won't change our mind when we've shown the error, perhaps, of our ways. I'm confident. I've been there often in the appellate courts of Georgia and have great confidence in them. Anything else, Mr. Bell? I've got a lot. I know. Anything else you want to argue? Okay. I would like, first of all, that basic element that the court below looked at, and the court below did not look at this demand, it was not decided below, wasn't pleaded below. It was for the first time in a brief of appellee, this demand issue. But below, the court held, and I think even in their briefs, if probation officers serve a quasi-judicial function, then they are subject to the same limitations as two men is progeny. The court below said, but they don't. This court has repeatedly held both state and federal prosecutors are entitled to immunity from suit because of the quasi-judicial nature of the services that they provide. And with that basis, it supports the decision that conflicted probation officers offend due process. Your argument about the probation officers in due process, I couldn't find that in your complaint. I couldn't find a claim that said you violated due process because the probation officers had a conflict of interest. If you want to, you can find that on your reply, when you come up on your reply. Okay. I have left my complete appendix in that conference room. I may walk out for that, if I may. Have we got one, Valerie? His appendix?  I brought a suitcase loaded with papers. Well, maybe you should just afterwards file a short letter saying, on paragraph so-and-so paid such-and-such in my complaint, I raise the due process clause involving probation officers as follows, colon, and quote that paragraph where you raised it, and a copy to the other side. And if they want to respond, they can. Get us that. It shouldn't take long. No problem at all. Get us that by Thursday. Yeah. Okay. I'll be glad to, or go out there. And you can respond by Friday, if you need to. By when, Your Honor. Can you do it day after tomorrow? Yeah, sure. Okay. Earlier, if you want to. The issue was certainly decided by the court below. Okay. Thank you. Mr. Bumrin. Was that issue raised in the complaint, Mr. Bumrin? You know, I actually think it was. I recall that they had raised, I don't have the citation, unfortunately. There were several that were not raised in the complaint. But I'd like to just start where you sort of began with the monies hadn't received claim and respond to a couple of things that Mr. Bell said. This is, I represent the defendant. My name is Michael Bumrin. May it please the court. One of the things he said was that, and I think Judge Kearns, you referenced that you were going to follow the latest pronouncement of Georgia law on this issue of the demand question. But it is also not a new requirement under Georgia law. We cited, in response to Mr. Bell's motion to certify the question to the Georgia Supreme Court, the Dancy v. Felon case, which was from 1889. And in that case, it was the monies hadn't received claim. And the court said the case should have been dismissed, quote, on the single ground of the failure to allege demand. So this is a longstanding rule. It is an element of the cause of action. And so in order to have a cause of action, she has to make this pre-suit demand. And the point about certifying the question to the Georgia Supreme Court, and I think, Judge Kearns, you referenced this too, the law, the Georgia court rule that allows certification says, you would only certify questions if there are no clear controlling precedents in the appellate court decisions. You don't certify questions when the Georgia Supreme Court has already answered that question, even if this court disagrees with that answer. And this is a matter of purely state law. If there are no other questions on the monies hadn't received claim, I want to jump to Mr. Bell's point about quasi-judicial immunity. And so he's correct that probation officers in some circumstances get quasi-judicial immunity. But so do prosecutors. So in the Imbler v. Pacman case, this is a Supreme Court case, it's 424 U.S. 409, the Supreme Court said that prosecutors are entitled to absolute immunity for acts, quote, intimately associated with the judicial phase of the criminal process. So prosecutors get quasi-judicial immunity, but we know from Marshall v. Jericho and from the Concrete Pipe case that prosecutors are not judges and are not quasi-judicial actors for purposes of due process. And the other point I'd like to make about that is if you look at the factors that courts consider for determining whether someone is entitled to quasi-judicial immunity, there's many of them, and they're not just centered on due process issues. Now I have, I'm happy to answer any questions about any other specific issues in the briefing. I'd say just one more thing, and I encourage the court for, so Mr. Bell has lots of legal arguments, but Judge Carnes, you're right, this is just a monies hadn't received claim. And all of her legal arguments have to support one contention. Her one contention is that the contract was void from the start. And if you look at all of her legal arguments, and that's because of the Sentinel v. Glover case, that's the case that held that a probationer may have a monies hadn't received claim when there was never a valid contract to begin with. None of her legal arguments void the contract, and for that reason, Your Honor, she has no monies hadn't received claim as well. Unless there are any other questions, we'll rest in our briefing and encourage the court to affirm the dismissal of Ms. Brinson's claim. Thank you. Thank you, counsel. Mr. Bell, five minutes. I quickly looked through your complaint multitask and did that, and the word conflict of interest, if it appears, I don't see it in claim one or claim two. You say due process, but under Iqbal and Twombly, you've got to say more than due process. But you're welcome to send me the letter if I've overlooked something. I'd be glad to. And of course, this court frequently holds that claims raised for the first time on appeal, this court doesn't consider those claims. The issue of the demand and these issues of the pleading weren't raised in the district court, and they held that when they are raised, it's error not to give the party at least one shot at amending to deal with those. Now, this court certainly has the power to rule on anything it wants, but I have often read where it declines to look at issues not raised below, not raised in briefs, not decided below, and such we're talking about here both on the demand issue and on this sufficiency of pleading issues. She certainly decided that issue by repeatedly holding, including reaching the conclusion that any conflicts on a probation officer who gets paid, the company paid only if they recommend supervised probation, and for only as long as they recommend, was not a violation of due process, and they weren't quasi-judicial because the trial judge could fix it. And she decided that issue at length. Now, perhaps this very able counsel, who actually weren't in the case at that time, should have pointed out perhaps some deficiency in a very long complaint, but they did not, and such issues were not dealt with, and it feels strange now to have issues that should have been raised below if they are so material and argued below and decided below, raised for the first time in oral argument at a time when the party cannot simply move to amend immediately and perhaps deal with those, because this is certainly, if it is a defect, and I'm certainly not ready to concede that, it is a defect easily remedied in the court, and easily remedied given this court's numerous decisions that when a court grants a 12B motion, that unless it be totally futile to amend it, the party should be given a right to amend and correct perhaps an insufficiency of the plea. Did you ask the district court to allow you to amend? No, Your Honor, but I didn't hear anyone arguing what you're arguing to us today. What am I arguing to you today? About whether or not we have words of conflict of interest in the complaint. You don't. You don't need to send me a letter, but the district court addressed it, probably because it was raised in the district court and somewhere other than the complaint, but regardless, the district court addressed it, pages 22 through 24, I guess. The pleading issue or conflict of interest issue? The conflict of interest issue. Yes, I agree. Yeah. Okay. We think correctly. My point is I know what I need to know about what happened in the district court. You didn't include conflict of interest as a specific due process violation, which you would have probably had to do under Iqbal and Twombly, but the district court addressed it anyway, either because you raised it in an argument before the district court or whatnot, so we have the district court's decision on it. Yes. All right. I agree, and I think that issue is before this court. For decision on the merits as to whether or not it is a conflict of interest. I understand. Okay. Thank you. We'll take that case for submission. Thank you, Your Honor. All rise.